RENDERED: JULY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0470-MR

JIMMY HALL　　　　　　　　　　　　　　　　　　　　　APPELLANT


APPEAL FROM BUTLER CIRCUIT COURT
v.　　　　　　　　HONORABLE PHILLIP PATTON, JUDGE
ACTION NO. 14-CR-00059


COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, McNEILL, AND TAYLOR, JUDGES.

CETRULO, JUDGE: Jimmy Hall ("Hall") appeals from the Butler Circuit Court's denial of his motion for rulings on his unresolved *pro se* RCr[1] 11.42 claims. Upon a careful review of the record below, we affirm, albeit on different grounds.

---

[1] Kentucky Rule of Criminal Procedure.

## FACTS & PROCEDURAL BACKGROUND

The underlying facts of Hall's conviction have been recited in three Kentucky appellate court opinions,[2] and we decline to engage in another detailed recitation as it is unnecessary for purposes of our limited review. It is sufficient to note that following his jury trial in 2015, Hall was convicted of two counts of first-degree unlawful transaction with a minor, one count of use of electronic communications systems to procure a minor, and being a first-degree persistent felony offender. The trial court sentenced Hall to two terms of life imprisonment for each count of unlawful transaction with a minor and 20 years of imprisonment for use of electronic communications and ordered all sentences to run consecutively. Hall appealed to the Kentucky Supreme Court as a matter of right. In 2018, our Supreme Court affirmed Hall's convictions but determined the trial court erred by ordering the service of consecutive sentences and remanded the case with the directive to correct the judgment such that the sentences would be served concurrently. *Hall*, 2018 WL 898651, at *6.

After the conclusion of his direct appeal, Hall filed a *pro se* motion for relief pursuant to RCr 11.42 in September 2020, raising a total of five ineffective assistance of counsel (IAC) claims and one ineffective assistance of appellate

---

[2] *Hall v. Commonwealth*, No. 2015-SC-000714-MR, 2018 WL 898651 (Ky. Feb. 15, 2018); *Hall v. Commonwealth*, No. 2022-CA-0536-MR, 2023 WL 4535216 (Ky. App. Jul. 14, 2023); *Hall v. Commonwealth*, No. 2023-CA-0639-MR, 2024 WL 4095871 (Ky. App. Sep. 6, 2024).

counsel (IAAC) claim. The IAC claims targeted trial counsel's (1) failure to request a jury instruction on lesser included offense(s); (2) failure to preserve issue regarding KRE[3] 106; (3) failure to object to a particular witness's testimony; (4) failure to investigate phone and computer data; and (5) failure to properly advise Hall regarding his right to testify. The IAAC claim dealt with appellate counsel's failure to obtain the full recording to support Hall's KRE 106 argument on direct appeal. Hall requested an evidentiary hearing in a separate pleading. In February 2021, the trial court appointed postconviction counsel with the Department of Public Advocacy (DPA) to assist Hall with his pursuit for RCr 11.42 relief.

Postconviction counsel eventually filed a supplemental motion and memorandum in January 2022, which expounded upon one of Hall's identified IAC claims and included an additional IAC claim not raised in Hall's *pro se* motion. While the supplemental motion focused the analysis on these two IAC claims, the opening paragraph expressly incorporated Hall's *pro se* arguments and disavowed any waiver of such. The supplemental motion also included Hall's entire *pro se* motion as an attachment.

The Commonwealth filed its response in April 2022, but only addressed the two IAC claims briefed in the supplemental filing. A week or so later, the trial court entered its order denying Hall's motion for RCr 11.42 relief.

---

[3] Kentucky Rule of Evidence.

The order concluded that "an evidentiary hearing [was] not required on the issues raised by [Hall's] Motion," and similarly addressed only the two IAC claims raised and briefed by counsel. The order did not make specific reference to the remainder of Hall's *pro se* arguments, and neither Hall nor postconviction counsel moved the court for additional findings.

In May 2022, Hall, by and through the same postconviction counsel, filed a notice of appeal, and the case came before this Court for review with briefing concentrated on the two IAC claims and the denial of an evidentiary hearing. On July 14, 2023, this Court rendered its unpublished Opinion affirming the trial court's order denying RCr 11.42 relief. *Hall*, 2023 WL 4535216, at *3.

Meanwhile, Hall continued to file other postconviction motions with the trial court, none of which led to any relief. At some point, another DPA postconviction attorney assumed representation of Hall. Pertinent to this appeal, Hall's new counsel filed a "Motion for Ruling on Unresolved Claims" on July 8, 2024 – almost a year after this Court affirmed the trial court's denial of Hall's RCr 11.42 motion. In this new filing, Hall argued that the trial court failed to address the remaining RCr 11.42 claims raised in his *pro se* motion originally filed in September 2020. Following additional briefing and argument by the Commonwealth and Hall, the trial court denied Hall's second request for RCr 11.42 relief and an evidentiary hearing by order entered March 3, 2025. In this

order, the trial court addressed all of Hall's *pro se* RCr 11.42 claims. The appeal from that order now follows.

## ANALYSIS

On appeal, Hall continues to argue that he is entitled to RCr 11.42 relief and an evidentiary hearing. Generally, "[w]e review a trial court's denial of RCr 11.42 relief for an abuse of discretion." *Phon v. Commonwealth*, 545 S.W.3d 284, 290 (Ky. 2018) (citing *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014)). "'The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014)). In this case, however, we decline to address the merits of Hall's current appeal as the time to raise them has passed.

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). "At each stage the defendant must raise 'all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at any later stage.'" *Owens v. Commonwealth*, 512 S.W.3d 1, 14 (Ky. App. 2017) (quoting *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010)). Importantly, subsection (3) of RCr 11.42 provides that when moving to vacate, set

aside, or correct a sentence, "[t]he motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude *all* issues that could reasonably have been presented in the same proceeding." (Emphasis added.) Under the plain language of RCr 11.42(3), Hall's claims are procedurally barred.[4]

The claims for which Hall now seeks appellate review were first raised in his *pro se* RCr 11.42 motion filed and presented to the trial court in 2020. Those claims were then incorporated in postconviction counsel's supplemental motion and again presented to the trial court in 2022 as an attachment. The opportunity to seek a ruling from the trial court or relief from the lack thereof was inseparably bound to Hall's first postconviction appeal to this Court. Unfortunately for Hall, neither the lack of finality of the trial court's order nor his *pro se* claims were presented or addressed as part of that appeal, resulting in waiver. *See Commonwealth v. Pollini*, 437 S.W.3d 144, 148 (Ky. 2014). "Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings." *Stoker v.*

---

[4] In his motion to resolve the remaining RCr 11.42 claims, Hall requested alternative relief pursuant to Kentucky Rule of Civil Procedure 60.02(f) to excuse any procedural default. This request likewise fails to resurrect an opportunity to review his RCr 11.42 *pro se* claims; "Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could 'reasonably have been presented' by direct appeal or RCr 11.42 proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) (citing RCr 11.42(3); *Gross*, 648 S.W.2d at 855-56).

*Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) (citing *Gross*, 648 S.W.2d at 856-57).

Finally, Hall purports to excuse this failure by alleging an IAC claim against his prior postconviction counsel, but this argument essentially morphs into an "11.42 of an 11.42" – an avenue of relief not available in Kentucky courts: "[T]he Kentucky Supreme Court remains firmly wedded to the principle that ineffective assistance of appellate counsel claims are 'limited to counsel's performance on direct appeal; there is no counterpart for counsel's performance on RCr 11.42 motions or other requests for post-conviction relief.'" *Owens*, 512 S.W.3d at 15 (quoting *Hollon*, 334 S.W.3d at 437).

The trial court herein ultimately reached the correct outcome by denying Hall's successive motion for RCr 11.42 relief. "If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Trust Co.*, 434 S.W.3d 489, 496 (Ky. 2014) (citing *Fischer v. Fischer*, 197 S.W.3d 98, 103 (Ky. 2006)).

## **CONCLUSION**

Accordingly, the order of the Butler Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Timothy G. Arnold
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky